# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 2:12-cv-00011-MR-DLH

| | |
|---|---|
| **DAVID LYNN WILLIS,** | )<br>) |
| Plaintiff, | )<br>) |
| | ) **MEMORANDUM OF** |
| vs. | ) **DECISION AND ORDER** |
| | ) |
| **CAROLYN W. COLVIN,**<br>**Commissioner of Social Security,** | )<br>)<br>) |
| Defendant. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 15] and the Defendant's Motion for Summary Judgment [Doc. 19].

## I. PROCEDURAL HISTORY

The Plaintiff David Lynn Willis filed an application for a period of supplemental security income on June 29, 2007, alleging that he had become disabled as of March 1, 2007. [2010 Transcript ("T-2010") at 104-10].[1] The Plaintiff's application was denied initially and upon reconsideration. [T-2010 at 58-63, 66-70]. Upon the Plaintiff's request for

---

[1] T-2010 will be used to reference documents in the record from the Plaintiff's 2007 application which was denied by ALJ Wilson in 2010.

a rehearing, a hearing was held before Administrative Law Judge ("ALJ") Wilson on September 30, 2009. [T-2010 at 30-57, 76-81]. On March 15, 2010, ALJ Wilson issued an unfavorable decision. [T-2010 at 10-24]. On February 9, 2012, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T-2010 at 1-5].

The Plaintiff re-applied for a period of supplemental security income on April 9, 2010. [T-2011 at 167-73].[2] The Plaintiff's application was denied initially and upon reconsideration. [T-2011 at 121-39]. Upon the Plaintiff's request for a rehearing, a hearing was held before ALJ Paschall on June 7, 2011. [T-2011 at 35-63, 140-42]. On July 5, 2011, ALJ Paschall issued an unfavorable decision. [T-2011 at 20-31]. On February 9, 2012, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T-2011 at 1-4].

The Plaintiff filed the present action on April 13, 2012, appealing both of the Commissioner's February 9, 2012 decisions. [Doc. 1]. Pursuant to the Court's Scheduling Order, the Plaintiff moved for summary judgment in

---

[2] T-2011 will be used to reference documents in the record from the Plaintiff's 2010 application which was denied by ALJ Paschall in 2011.

this action on January 28, 2013 [Doc. 15], and the Defendant moved for summary judgment on March 15, 2013 [Doc. 19].

In August 2012, while this matter was pending, the Plaintiff again applied for a period of supplemental security income. He was eventually found to be disabled as of August 13, 2012. [Doc. 20 at 2]. On January 28, 2013, the Plaintiff's counsel filed a motion to receive new and material evidence, seeking to include this new favorable decision in the record. [Doc. 13]. Plaintiff's motion was stricken by Magistrate Judge Dennis L. Howell on February 20, 2013. [Doc. 18]. Judge Howell gave the Plaintiff until February 26, 2013, to submit a new motion with a supporting brief to the Court. [Id.]. The Plaintiff failed to submit any new motion or supporting brief.

This case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision

of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the Commissioner of any Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education, or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## IV.   THE ALJ'S DECISION

On March 15, 2010, ALJ Wilson issued a decision denying the Plaintiff's claim. [T-2010 at 10-24]. Proceeding to the sequential evaluation, ALJ Wilson found that the Plaintiff had not engaged in substantial gainful activity since his application date of June 29, 2007. [Id. at 12]. ALJ Wilson then found that the medical evidence established the following severe impairments: heart disease, status post pulmonary embolism, status post cerebral vascular accident, personality disorder, mood disorder, learning disorder, and borderline intellectual functioning. [Id.]. ALJ Wilson determined that none of Plaintiff's impairments met or equaled a listing. [Id. at 13].

ALJ Wilson then assessed the Plaintiff's residual functional capacity (RFC), finding that the Plaintiff had the ability "to perform light work as defined in 20 C.F.R. § 416.967(b) with certain additional limitations. Specifically, the claimant can lift 20 pounds occasionally and 10 pounds frequently.  He can sit, stand, and walk 6 hours, each, of an 8 hour workday. He can never climb ropes, ladders, and scaffolds. He must avoid concentrated exposure to hazards.  He can frequently climb, balance, stoop, kneel, crouch and crawl. He can perform simple 1-2 step functions." [Id. at 16]. ALJ Wilson found that the Plaintiff was unable to perform any

past relevant work. [Id. at 23]. The ALJ noted that the transferability of job skills was not material to the determination of the Plaintiff's disability since the Medical-Vocational Rules framework supported a finding of "not disabled." [Id.]. Finally, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that the Plaintiff could perform. [Id.].

After the Plaintiff's second application for supplemental security income, ALJ Paschall issued a decision on July 5, 2011 again denying the Plaintiff's claim. [T-2011 at 20-31]. Proceeding to the sequential evaluation, ALJ Paschall found that the Plaintiff had not engaged in substantial gainful activity since his protective filing date of March 26, 2010. [Id. at 22]. ALJ Paschall then found that the medical evidence established the following severe impairments: cardiomyopathy, seizure disorder, personality disorder, mood disorder, borderline intellectual functioning, status post cerebral vascular accident, status post left hand tendon repair, and status post pulmonary embolism. [Id.]. ALJ Paschall determined that none of Plaintiff's impairments met or equaled a listing. [Id. at 25].

ALJ Paschall then assessed the Plaintiff's residual functional capacity (RFC), finding that the Plaintiff had the ability "to perform light work as defined in 20 C.F.R. § 416.967(b)" with certain additional limitations. [Id. at

7

26]. Specifically, ALJ Paschall found that the claimant "can lift and/or carry 20 pounds occasionally and 10 pounds frequently, and that he can sit, stand, or walk up to 6 hours each in an 8 hour day. . . [H]e can never climb ladders or be exposed to dangerous machinery or unprotected heights. . . [H]e can frequently climb stairs, balance, kneel, stoop, crouch and crawl. [H]e is limited to the performance of simple, routine and repetitive tasks and instructions in a low-stress, no high production environment with minimal public contact. Additionally, he is limited to jobs requiring no more than a 5th grade reading level. Finally, . . .he cannot perform fingering with his non-dominant left hand." [Id. at 26-27]. ALJ Paschall found that the Plaintiff had no past relevant work. [Id. at 29]. The ALJ noted that the transferability of job skills was not relevant to the determination of the Plaintiff's disability since the claimant had no past relevant work. [Id. at 30]. Finally, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that the Plaintiff could perform. [Id.].

## V.  DISCUSSION[3]

At the outset, the Court notes that it will not consider evidence which is not in the record in this case. In the memorandum supporting his motion for summary judgment, the Plaintiff's counsel refers to evidence attached to

---

[3] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

8

his Motion to Receive New and Material Evidence [Doc. 13] for argument about Dr. Zeisz's opinion and Dr. Fiore's opinion. [Doc. 16 at 6-7]. Such motion was stricken from the record in this case on February 20, 2013 [Doc. 18], and the Plaintiff was allowed until February 26, 2013, to submit a new motion with supporting brief to this Court. In that Order, Judge Howell admonished Plaintiff's counsel as follows:

> This Court has repeatedly warned counsel for Plaintiff about the deficiencies of his pleadings in Social Security cases [citations omitted]. . . . As this Court previously noted, it also appears to the Court that [the] same individual is drafting all the pleadings for the attorney of record in this case, Stanford Clontz, is drafting the pleadings in social security cases where Lamar Gudger is the attorney of record. Both this Court and the District Court have sanctioned Attorney Gudger for his conduct in social security cases and his failure to comply with the Court's prior Orders. See e.g. Hardy v. Astrue, No. 1:11 cv299, 2013 WL 566020 (W.D.N.C. Feb. 13, 2013) (Reidinger, J.); Hardy v. Astrue, No. 1:11cv299, 2013 WL 66082 (W.D.N.C. Jan. 4, 2013) (Howell, Mag. J.); Hardy v. Astrue, No. 1:11cv299, 2012 WL 2711478 (W.D.N.C. Jul. 9, 2012) (Howell, Mag. J.). As the attorney signing the pleadings, it is Attorneys Clontz and Gudger who are responsible for ensuring that their pleadings comply with the Court's prior Orders as well as the dictates of Rule 11 of the Federal Rules of Civil Procedure, regardless of who is actually drafting the pleadings. See Fed. R. Civ. P. 11(b). Despite these numerous warnings and sanctions, both attorneys continue to submit the same unsupported briefs to this Court.

Here, Plaintiff has filed a Motion to Receive New and Material Evidence [#13]. Plaintiff, however, fails to provide the legal standard for when the Court may consider new evidence or make any legal argument as to why consideration of such evidence is required in this case. The memorandum is almost entirely a summary of the new evidence Plaintiff wants this Court to consider. Although the memorandum does attempt to provide a citation to the recent decision of the United States Court of Appeals for the Fourth Circuit, Bird v. Comm'n Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012), Plaintiff fails to even state the holding of Bird, much less how Bird applies in this case. As a result of counsel's failure to comply with the Court's prior Orders, and counsel's continued disregard for his obligations as counsel of record in this case, the Court **STRIKES** the Motion to Receive New and Material Evidence [#13]. The Court, however, will allow Plaintiff until February 26, 2013, to submit a new motion with supporting brief to this Court. The legal memorandum must set forth the applicable legal standard for considering new evidence as well as for any other relief requested in the motion. To the extent Plaintiff intends to rely on Bird, Plaintiff should set forth the holding of Bird and explain how it applies to the facts of this case . . .[T]his brief must be researched and drafted by attorney Stanford Clontz. . . . Attorney Clontz should submit an affidavit with this new brief stating that he personally researched and drafted the brief. In addition, this affidavit should state that Attorney Clontz has personally read in their entirety each case cited in the legal memorandum. Whomever is writing the briefs for Attorneys Clontz and Gudger in social security cases has wasted enough of this Court's time.

[Id. at 2-3]. The Plaintiff failed to cure his motion in that he failed to file any new brief in accordance with the Court's Order. Thus, all of the Plaintiff's arguments referencing evidence which is not in the record are deemed abandoned.

Further, the Plaintiff set forth only one category in his brief in support of his motion for summary judgment, entitled "Errors made by ALJ Paschall to the prejudice of the Plaintiff." Within this one assignment of error, the Plaintiff asserts the following arguments: (1) that ALJ Paschall improperly gave little weight to the findings of Dr. Zeisz; (2) that ALJ Paschall misconstrued the conclusions of Dr. Fiore; and (3) that ALJ Paschall failed to give appropriate weight to the opinion of Mr. Stewart, the Hearing Officer for the North Carolina Department of Health and Human Services. [Doc. 16 at 4-8]. Plaintiff's discussion of these issues is completely unsupported by any valid legal authority. The Plaintiff cites to Bird v. Commissioner, 699 F.3d 337 (4th Cir. 2012), but only with respect to the Court receiving new and material evidence. In light of Plaintiff's apparent abandonment of his motion to receive new and material evidence, this legal authority has no bearing on any of the legal issues before the Court in this case.

The Plaintiff's counsel has been repeatedly admonished in prior cases to include citations to relevant legal authority in his briefing and to

enumerate separate assignments of error. Pascoe v. Astrue, No. 1:11cv226, 2012 WL 3528054, at *3 n. 2 (W.D.N.C. Jul. 23, 2012) (Howell, Mag. J.); Chandler v. Astrue, No. 1:11cv229, 2012 WL 5336216, at *3 (W.D.N.C. Oct. 2, 2012) (Howell, Mag. J.). Despite these admonitions, Plaintiff's counsel again has filed a brief lacking citations to any relevant legal authority and failing to separately set forth each alleged error on the part of the ALJ. This conduct does a disservice to the counsel's client, and wastes the resources of the Court.

Examination of the Plaintiff's assignments of error further confirms the lack of merit to Plaintiff's claims. In his first argument, the Plaintiff contends that "ALJ Paschall improperly gave little weight to the findings of Dr. Zeisz, the Clinical Psychologist who saw the Plaintiff at the request of DDS on July 12, 2010." [Doc. 16 at 4]. While the Plaintiff recites some of Dr. Zeisz's findings regarding the Plaintiff, he provides no valid legal argument regarding his assertion that ALJ Paschall improperly assessed Dr. Zeisz's opinion. [Id. at 4-6]. Additionally, the Plaintiff fails to cite to any evidence in the record that contradicts ALJ Paschall's findings regarding Dr. Zeisz's opinion.

Contrary to the Plaintiff's unsupported contentions, ALJ Paschall properly assessed Dr. Zeisz's opinion of the Plaintiff, in accordance with

the factors listed in 20 C.F.R. § 404.1527(c)(1-6). ALJ Paschall noted Dr. Zeisz's findings in her decision [T-2011 at 24, 27-29], but gave limited weight to her opinion for the following reasons:

> Although the record shows the claimant has the ability to understand, remember and carry out simple instructions, Dr. Zeisz'[s] opinion that he has poor working memory is directly contradicted by Dr. Fiore's consultative examination report. Dr. Fiore noted that he did not exhibit any symptoms of severely impaired memory functioning during his examination of the claimant (Exhibit B12F at 7). Furthermore, Dr. Zeisz'[s] opinion that the claimant would be viewed as a liability by potential employers is not consistent with his reported activities of daily living.
>
> As discussed above, the claimant has reported that he can pay bills, clean up around the house, mow the yard, wash dishes, do laundry, and drive to town for groceries (Exhibit B12F at 5). The ability to perform these activities of daily living indicates that his limitations are not as extreme as those opined [by] Dr. Zeisz, and there is no evidence in the record to support her conclusion that he would be viewed as a liability by employers. Additionally, Dr. Zeisz'[s] own report documents that the claimant does not take medication or receive therapy for his depression or any other mental illness. Her failure to account for the claimant's lack of treatment further damages the credibility of her opinions.

[Id. at 29]. ALJ Paschall's assessment of Dr. Zeisz's opinion considers the consistency of her findings in comparison to Dr. Fiore's opinion and to the Plaintiff's own reports regarding his daily activities, as both of these factors

13

show inconsistency and tend to contradict Dr. Zeisz's opinion. [Id.; 20 C.F.R. §§ 404.1527(c)(4), 404.1527(c)(6)]. "It is up to the ALJ, not this Court, to weigh conflicting consultative opinions, determine which opinion is more consistent with the evidence in the record, and assign those opinions the appropriate weight in reaching his or her decision." McClellan v. Colvin, No. 1:12-cv-00255, 2013 WL 5786839 at *4 (W.D.N.C. Oct. 28, 2013) (citing Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) and Hays, 907 F.2d at 1456). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the ALJ)." Mastro v. Apfel, 270 F.3d 171, 179 (4th Cir. 2001) (citations omitted). Thus, the Plaintiff's assertion that ALJ Paschall erred in assessing Dr. Zeisz's opinion has no merit.

The Plaintiff next contends that "ALJ Paschall misconstrue[d] the conclusions of Dr. Fiore," since Dr. Fiore had stated that the Plaintiff "would likely have mild to moderate difficulty relating to fellow workers and supervisors and appears to have reduced tolerance for emotional stress. His reduced tolerance for emotional stress would probably moderately interfere with his performance on a typical work routine." [Doc. 16 at 5, T-2011 at 422]. Again, the Plaintiff fails to cite to any evidence in the record that contradicts ALJ Paschall's findings regarding Dr. Fiore's opinion.

14

Further, the Plaintiff provides no valid legal argument regarding his assertion that ALJ Paschall "misconstrue[d]" Dr. Fiore's conclusions. [Id. at 5].

ALJ Paschall referenced Dr. Fiore's findings in her opinion [T-2011 at 23, 25-26, 28-29], and explained why she gave great weight to Dr. Fiore's opinion, noting that it was "consistent with the objective findings in his consultative examination report as well as the other substantial evidence of record." [Id. at 28]. Thus, ALJ Paschall properly assessed Dr. Fiore's opinion, specifically applying the consistency factor of 20 C.F.R. § 404.1527(c)(4). Additionally, contrary to the Plaintiff's assertion, ALJ Paschall did consider the Plaintiff's stress in her decision, as she found that "he is limited to the performance of simple, routine and repetitive tasks and instructions in a *low-stress, no high production environment with minimal public contact.*" [T-2011 at 26-27] (emphasis added). Thus, the Plaintiff's assertion regarding ALJ Paschall's assessment of Dr. Fiore's opinion has no merit.

The Plaintiff further takes issue with ALJ Paschall's decision, arguing that she "failed to give appropriate weight to the opinion of Mr. Richard Stewart, the Hearing Officer for the North Carolina Department of Health and Human Services, dated February 15, 2008, in which Mr. Stewart

reversed the denial of the Plaintiff's application for Aid to the Disabled-Medical Assistance." [Doc. 16 at 7, T-2011 at 222]. The Plaintiff fails to provide any legal authority for his assertion that Officer Edward's opinion and award should have been considered by ALJ Paschall. [Doc. 16 at 7-8].

In any event, Plaintiff's assignment of error is without merit. While the ALJ is "required to consider all record evidence relevant to a disability determination, including decisions by other agencies," Bird v. Comm'r, 699 F.3d 337, 343 (4th Cir. 2012) (citing SSR 06-03p, 2006 WL 2329939 at *6-7), a determination of disability made by another governmental or nongovernmental agency is not binding on the ALJ. 20 C.F.R. § 404.1504. The ALJ "should explain the consideration given to these decisions in the notice of decision for hearing cases." SSR 06-03p, 2006 WL 2329939 at *7. Decisions made by other agencies, "and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s)," id., but the ALJ must evaluate the opinion evidence from both medical and non-medical sources in the case record, according to the law. Id.

In this case, ALJ Wilson noted in his decision that the Plaintiff's Medicaid decision by Officer Stewart in 2008 was inconsistent with the medical records and specifically with Dr. Fiore's opinion regarding the

16

Plaintiff's mental condition. [T-2010 at 21]. While ALJ Paschall did not discuss the Plaintiff's Medicaid decision from 2008, any such failure is rendered harmless due to ALJ Paschall's reliance placed great weight on Dr. Fiore's findings regarding the Plaintiff's mental condition [T-2011 at 28],[4] which ALJ Wilson found to contradict the findings in the Medicaid decision [T-2010 at 21]. Further, the Plaintiff's second application related to the time period beginning in March 2010, significantly after the 2008 favorable Medicaid decision. Thus, the Plaintiff's assertion regarding ALJ Paschall's assessment of Officer Stewart's opinion has no merit.

## VI. CONCLUSION

For the foregoing reasons, the Court concludes that ALJ Paschall applied the correct legal standards, and that there is substantial evidence to support ALJ Paschall's finding of no disability for the time period at issue in this case.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 15] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 19] is **GRANTED**; and the

---

[4] ALJ Paschall placed "great weight" on Dr. Fiore's findings. [T-2011 at 28].

Commissioner's decision is hereby **AFFIRMED**. This case is hereby **DISMISSED WITH PREJUDICE**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: April 9, 2014

Martin Reidinger
United States District Judge